UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOANN ABBO-BRADLEY, et al.,

                Plaintiffs,

v.                                                                              13-CV-487-JTC

CITY OF NIAGARA FALLS, et al.,

                Defendants.

---

On July 18, 2013, upon the application of defendant Glenn Springs Holdings, Inc. ("GSH"), made on behalf and upon the consent of all defendants, this court issued an order preliminarily and temporarily enjoining plaintiffs (and their attorneys) from conducting environmental sampling in the neighborhood surrounding the Love Canal Landfill site without providing all other parties (and relevant governmental agencies) prior written notice of sampling activity, contemporaneous access to the sampling location, and an opportunity to take split samples (*see* Item 125). Plaintiffs immediately filed in the United States Court of Appeals for the Second Circuit a Notice of Appeal from this order (Item 126), along with a motion in this court to stay the effect of the injunction pending determination of the appeal (Item 127). GSH has filed a response to the motion for stay on behalf of all defendants (Item 135), and defendant Niagara Falls Water Board ("NFWB") has filed a separate response (Item 136).

Upon review of the matters set forth in these submissions, plaintiffs' motion for stay of the effect of the court's July 18, 2013 order is denied.

Whether to stay enforcement of an injunction pending appeal is left to the discretion of the district court, *Keeling v. New Rock Theater Productions, LLC*, 2013 WL 918553, at

*1 (S.D.N.Y. Mar. 11, 2013), and the party seeking the stay has the burden to demonstrate that the circumstances justify the court's exercise of discretion in its favor. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). In determining whether the movant has met this burden, the court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), *quoted in S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012).

In support of the stay application, plaintiffs reiterate their position that the prior notice, contemporaneous access, and split sampling protocol established by the court's injunction order "impermissibly intrudes" on the attorney-client, work product, and other "privileges." Item 127-1 (Mack Affirmation), ¶ 6. However, as explained by the court in the July 18 order, this protocol was adopted in order to maintain the status quo of discovery by ensuring that all parties have fair and equal access to any materials obtained from sampling activity in the area of concern–materials that might later provide evidence relevant to the issues raised by the parties in their pleadings. Plaintiffs made no showing to convince the court that the proposed protocol was likely to provide defendants with an unfair glimpse of plaintiffs' litigation strategy, or restrain counsel's ability to investigate the merits of other anticipated lawsuits. Instead, the court adopted the view that the injunction order was necessary to preserve facts relating to the chemical composition of the materials obtained as the result of plaintiffs' environmental sampling activity. In the absence of any new evidence, additional arguments, or citation to case law or other authority that might

have been overlooked or misapplied by the court, plaintiffs have not made a sufficiently "strong showing" of likelihood of success on the merits of their appeal to alter the court's view, or to warrant a stay of the effects of the July 18 order pending appeal.

Likewise, plaintiffs have made no showing that the notice, access, and split sampling requirement of the court's injunction will cause them irreparable injury. To the contrary, in issuing the injunction, the court found that <u>defendants</u> would be irreparably harmed by allowing plaintiffs to continue their unilateral drilling and sampling activities without an established protocol for equal or equivalent access. In order to grant the present application, the court would have to make the contradictory finding that plaintiffs would be irreparably harmed in the absence of a stay. Without a convincing showing, the court is unwilling to do so.

Finally, the court's injunction order expressly recognized that the public interest in fair resolution of the serious health concerns raised in this action would best be served by establishing a protocol for the parties' equal access to the results of environmental sampling in the area of concern. Although the injunction is currently in effect only until further order or notice upon resolution of the motion for remand, the court encourages the parties to adopt this protocol as a common sense approach to preserving potentially relevant evidence throughout the course of the litigation, whether it ultimately proceeds in this court or in the state courts.

Based on the foregoing, and for the reasons set forth at further length in the court's July 18, 2013 order, the court denies plaintiffs' application for a stay of the effect of the preliminary injunction pending appeal. Any further application for a stay must be made to

the Court of Appeals, in accordance with Rule 8(a)(2) of the Federal Rules of Appellate Procedure.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: July 31, 2013
p:\pending\2013\13-487.jul30.2013